106 So.2d 295

STATE of Louisiana ex rel. BOARD OF
COMMISSIONERS OF The LAKE
BORGNE BASIN LEVEE DISTRICT and
James Licciardi, Charles A. Leon and
Selma Picarella,

v.

Lawrence BERGERON, Edmond Collins, and
Edgar N. Quillin.

No. 43917.

May 26, 1958.

On Rehearing Nov. 10, 1958.

Tucker & Schonekas, New Orleans, for plaintiffs-appellants.

L. H. Perez, New Orleans, E. W. Gravolet, Jr., Pointe-a-la-Hache, Leander H. Perez, Jr., New Orleans, for defendants-appellees.

SIMON, Justice.

The issues herein present for our determination the right to title to the public offices of two of the commissioners comprising the three-man Board of Commissioners of the Lake Borgne Basin Levee District. The plaintiffs-appellants are members of the newly constituted Board of Commissioners represented by James Licciardi, its new President; Charles A. Leon, one of the new appointees; and Selma Picarella, the only Commissioner whose title to office is not in contest.

The defendants-appellees are Lawrence Bergeron and Edmond Collins, claimants to title to the two disputed offices; and Edgar N. Quillin, ex-secretary of the Board.

The facts necessary for a decision of the issues raised are not in dispute and may be briefly stated as follows:

On September 11, 1956, acting under the authority of Act 35 of 1956, Ex.Sess. (LSA–R.S. 38:1071, subd. B), the Governor of the State appointed defendants Bergeron and Collins and plaintiff Selma Picarella as Commissioners for the Lake Borgne Basin Levee District. These commissioners were duly qualified and inducted into office.

On October 3, 1957 the Governor of the State gave written notice to Bergeron and Collins that he was removing them as members of said Board and replacing them by the appointment of James Licciardi and Charles A. Leon, all in accordance with the provisions of LSA–R.S. 42:4 (Sec. 3 of Act 68 of 1950 as amended and reenacted by Act 22 of the Extra Session of 1950). Accordingly, on October 7, 1957 the Governor appointed and commissions were issued to Messrs. Licciardi and Leon, respectively, as Commissioners of said Board, they promptly qualifying therefor. An organizational meeting of the new Board was then held, attended by Selma Picarella, Leon and Licciardi, at which Licciardi was elected President and Samuel D. Gowland was appointed Secretary to replace Edgar N. Quillin.

Thereafter the deposed members, Bergeron and Collins and Secretary Quillin, refused to deliver and surrender to the newly constituted Board the books and records, certain machinery and equipment and other paraphernalia of the Board then in the pos-

session of the said deposed members and officers. Their refusal resulted in this litigation.[1]

Prior to answering plaintiffs' petition defendants filed exceptions of misjoinder of parties plaintiffs and defendants, misjoinder of causes of action, and of no right or cause of action. Defendants also answered questioning relators' titles to their respective offices and asserting their respective rights thereto. After trial of said exceptions the trial judge overruled the exceptions of misjoinder of parties plaintiffs and defendants, and the exceptions of no right or cause of action were referred to the merits without prejudice.

After trial on the merits the lower court sustained the exceptions of no right or cause of action and rendered judgment in favor of the defendants and against the plaintiffs dismissing the latter's suit at their cost.

Plaintiffs assert title to the respective offices by virtue of the provisions of Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess., whereby they contend that the Governor of the State may dismiss such public officers and appoint their successors at his pleasure.

Defendants, who claim title to their respective offices by virtue of the provisions of Act 35 of 1956, Ex.Sess., contend that Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess., is unconstitutional in that it violates Art. III, Sec. 16, LSA–Const., 1921, which provides that every statute enacted by the Legislature shall embrace but one object and shall have a title indicative of its object. In that respect it is contended that since Sec. 3 of said act was included within the body of said act without being indicated or specified in said title, the inclusion of said section results in the body of the statute being broader than its title and therefore unconstitutional.

Defendants further contend that since Sec. 3 of Act 68 of 1950 is unconstitutional, Act 22 of 1950, Ex.Sess., amending and reenacting said Sec. 3, is also unconstitutional in that the Legislature merely adopted verbatim the title of the former statute and that the Legislature cannot cure the constitutional defect in the title of Act 68 of 1950 by merely restating or referring to it[2] in the amending statute, but must amend and reenact its title in the title of the amending and reenacting statute to show the change to be effected.

In his written reasons the district judge maintained the exceptions of no right or cause of action, declaring Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex. Sess. (LSA–R.S. 42:4) to be unconstitu-

---

1. Plaintiffs originally filed a suit to mandamus the defendants to surrender the books and records of the Board to plaintiffs and by supplemental petition, in ac-cord with the order of the trial court, converted this proceeding into an intrusion into office suit.

2. La.Const.1921, Art. III, Sec. 17.

tional, and further holding that, under a fair and reasonable interpretation of Act 35 of 1956, Ex.Sess. (LSA–R.S. 38:1071, subd. B), the defendants could not be removed from office and their successors appointed at the will and pleasure of the appointing Governor.

At the outset we observed that the issues are purely questions of law, and it is in no way suggested that the defendants were removed for cause.

The title and pertinent Sec. 3 of Act 68 of 1950 reads as follows:

Act 68 of 1950: "To amend and re-enact Sections 242, 312, 372 and 442 of Title 28, and Sub-section B of Section 611, Sections 812, 852, 891, 892 and 896 of Title 46 of the Louisiana Revised Statutes of 1950, relative to the certain public officers and their terms of office.

"* * * Section 3. In all other cases, all public officers who are appointed by the Governor shall serve at the pleasure of the Governor. This section shall not apply to officers appointed by the Governor upon recommendation or from lists submitted by others where the law requires appointments to be so made, nor to those whose terms of office are fixed by the constitution and those who are required by the constitution to be appointed with the advice and consent of the Senate."

At the Ex.Sess. of 1950 following the Reg.Sess. the Legislature by Act 22 amended and reenacted Sec. 3 of Act 68 of 1950, the title and the pertinent Sec. 3 so amended and reenacted reading as follows:

Act 22 of 1950, Ex.Sess.: "To amend and reenact Section 3 of Act 68 of 1950, entitled 'An Act to amend and re-enact Sections 242, 312, 372 and 442 of Title 28, and Sub-section B of Section 611, Sections 812, 852, 891, 892 and 896 of Title 46 of the Louisiana Revised Statutes of 1950, relative to the certain public officers and their terms of office.'

"* * * Section 3. In all other cases, all public officers who are appointed by the Governor shall serve at the pleasure of the Governor. This section shall not apply to officers appointed by the governor upon recommendation or from lists submitted by others where the law requires appointments to be so made, nor to those whose terms of office are fixed by the constitution and those who are required by the constitution to be appointed with the advice and consent of the Senate.

"This section shall not apply to the Louisiana State Board of Public Welfare, the Louisiana Merit System Council, the Board of Review and the State Advisory Council of the Division

of Employment Security of the Louisiana Department of Labor."

The *title-body* clause found in the Louisiana Constitution is as follows:

"Every statute enacted by the Legislature shall embrace but one object, and shall have a title indicative of its object." La.Const. of 1921, Art. III, Sec. 16.

Under corresponding sections in preceding constitutions it was required that the object of the law be *expressed* in its title. All that is now required is that the title of the statute should be *indicative* of its object.

■ It is readily apparent that Sec. 3 of Act 68 of 1950 is not expressed in the title of said act. It would seem at first blush that said omission would result in the body of the act being broader than its title, such as would seriously affect its constitutionality. Significantly, however, at an Ex.Sess. of 1950, the Legislature adopted Act 22, a casual reading of which shows its express object and purpose to be *to amend and reenact Sec. 3 of Act 68 of 1950*.

■■ It is fundamental that to enact is to decree, to establish by law and to perform or effect a law. To reenact is to enact again. Applying these principles in the instant case when the Legislature enacted Act 22 of 1950, Ex.Sess., and declared in its title its object and purpose to be "to

amend and reenact Section 3 of Act 68 of 1950", the effect of such legislative action was to establish and make the said Sec. 3 of Act 68 a law. Not only was Sec. 3 expressed in the title of Act 22 of 1950, Ex.Sess., but its provisions were carried in the body of the reenacted statute. This positive legislative action in Act 22 of 1950, Ex.Sess., became substituted for and took the place of Sec. 3 of Act 68 of 1950 thereby giving Sec. 3 a valid place in the body of Act 68 of 1950, and was interwoven with and made a substantial and valid part of said act covering the single object relative to terms of public officers. Furthermore, the amending and reenacting statute, Act 22 of 1950, Ex.Sess., operated precisely as if it in its entirety had been incorporated in Act 68 of 1950 at the time of its enactment for it must be remembered that an amending and reenacting statute, whether it be to a change of a word, figure, line, or entire section or a recasting of the whole language, becomes a part of the original act. State v. Walters, 135 La. 1070, 66 So. 364; Police Jury of Caddo Parish v. Mayor and City Council of Shreveport, 137 La. 1032, 69 So. 828; and Black on Interpretation of Laws, p. 434.

The title of Act 68 of 1950, hereinabove quoted, expresses its purpose and object to be to amend and reenact certain specified sections and titles of our Revised Statutes *relative to certain public officers and their terms of office*. The title of Act 22 of 1950,

Ex.Sess., specifically expresses its object and purpose to amend and reenact Sec. 3 of Act 68 of 1950, and then it repeats verbatim the original title of Act 68 of 1950, including the words *relative to the certain public officers and their terms of office.*

As aforesaid, the title-body clause of a statute must be indicative of its object and this constitutional provision has given rise to considerable litigation regarding the composition of statute titles. It must be conceded that the Legislature is accorded wide discretion in the selection of titles and the language employed therein, which should not receive a narrow or technical construction such as would unnecessarily interfere with the free exercise of legislative power. Our jurisprudence admonishes courts to disregard mere verbal inaccuracies, to resolve reasonable doubts in favor of validity and to hold generally that in order to warrant condemnation of enactments for failure to comply with the title-body clause of our Constitution the violation thereof must be substantial and plain. State v. Martin, 192 La. 704, 189 So. 109; Jackson v. Hart, 192 La. 1068, 190 So. 220; Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508; Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49; and Richardson & Bass v. Board of Levee Commissioners, 231 La. 299, 91 So.2d 353.

We have been consistent in holding that the title of a statute conforms to the con-

stitutional title-body clause requirement when the title indicates the general purpose of the statute in a clear manner. In the early case of Louisiana Board of Trustees of the American Printing House for Blind v. Dupuy, 37 La.Ann. 188, we said:

"* * * but surely it is not necessary at this late date to say that the title of an Act need not be a synopsis of is (sic) contents. It is sufficient if it indicate the general object or purpose of the law without specifying each provision made therein."

In State v. Hincy, 130 La. 620, 58 So. 411, 412, we said:

"There is no necessity of the title being a complete index to every section of the act. It is only necessary that it shall, in general terms, direct attention to the purposes of the law; * * * *"

Manifestly, the dominant purpose of the title-body clause is to prevent fraud and surprise in the Legislature which may arise when certain provisions of a statute are not indicated by its title. The criterion would seem to be that the title of a statute is sufficient if it places those who are to be affected by the act upon inquiry into its contents.

The object of a statute has been held to be the aim or purpose of an enactment; or, expressed differently, it is the matter or thing forming the groundwork of the act.

This is concisely stated in Airey v. Tugwell, 197 La. 982, 3 So.2d 99, 102:

"The title of an act of the Legislature is of the nature of a label, the purpose of which is to give notice of the legislative intent and purpose to those interested in, or who may be affected by, the terms of the act, and to prevent surprise and fraud upon members of the Legislature."

In Richardson & Bass v. Board of Levee Commissioners, supra [231 La. 299, 91 So. 2d 360], we approved the holding in Ricks v. Department of State Civil Service, supra, which pointed out that:

"* * * it was not the purpose of this constitutional provision to require that the title be an index to the contents of the act, or that every end and means convenient or necessary for the accomplishment of the general object of the act be set out at length in the title, but it is deemed sufficient under the article if the act contains but one object and if the object be fairly stated, although it be expressed in general terms, in the title of the act. Moreover, all things proper or necessary to carry out the general object as stated in the title are deemed to be within the scope of the title. The test is primarily whether the various provisions of the act are germane to the object of the act as expressed in the title."

A fair reading of the title and body of Act 68 of 1950, as amended and reenacted by Act 22 of 1950, Ex.Sess., reveals that as a whole the title of these enactments is clearly indicative of a single object and purpose, and that is, *relative to the certain public officers and their terms of office.* Sec. 3 contained in Act 68 of 1950, as amended and reenacted, is germane to the object and purpose as expressed in the title, providing as it does the fixing of the terms of office of certain public officers.

We now advert to the interpretation and construction of the provisions of Act 35, Ex.Sess. of 1956, LSA–R.S. 38:1071, subd. B.

 It is a rule of universal application that, where an office is filled by appointment and a definite term of office is not fixed by a constitutional or statutory provision, the office is held at the pleasure of the appointing power, and the incumbent may be removed at any time. But the power of removal is not incident to the power of appointment where the extent of the term of office is fixed by constitution or statute. Ex parte Hennen, 13 Pet. 230, 10 L.Ed. 136; and Blake v. United States, 103 U.S. 227, 26 L.Ed. 462.

In reviewing the legislative history creating the Lake Borgne Basin Levee District and providing for the terms of its officers, we first find Act 14 of 1892, Sec. 2 providing: "* * * said commissioners shall

hold their office for the term of four years, and until their successors are appointed and qualified. * * *"

Subsequently Act 386 of 1956 amended and reenacted, among others, LSA–R.S. 38:1071 to provide that:

"* * * They shall serve as commissioners during the term of office of the governor appointing them or until their successors are appointed and qualified by the succeeding executive."

Act 386 of 1956 was, in turn, amended and reenacted by Act 35, Ex.Sess. of 1956 (now LSA–R.S. 38:1071, subd. B) to read: "* * * The commissioners shall hold their office during the term of office of the governor appointing them or until their successors are appointed and qualified."

Thus it is seen that Act 386 of 1956 changed the words "the term of four years" to read "during the terms of office of the governor appointing them" and the word "and" being changed to read "or". A further change is observed in that the words "and until their successors are appointed and qualified by the succeeding executive" read "or until their successors are appointed and qualified".

Thereafter, by the enactment of Act 35 of 1956, Ex.Sess. (LSA–R.S. 38:1071, subd. B), the words "by the succeeding executive" were omitted.

Thus it is manifest that Act 35 of 1956, Ex.Sess. (LSA–R.S. 38:1071, subd. B), def-initely fixed the term of office of these commissioners for the term of the appointing Governor or until their successors are appointed and qualified. It is argued that the word "or" should be given its ordinary meaning as a disjunctive particle, thus vesting in the Governor the power to remove these commissioners and to appoint successors at his pleasure.

The Legislature in LSA–R.S. 1:9 has provided that: "Unless it is otherwise clearly indicated by the context, whenever the term 'or' is used in the Revised Statutes, it is used in the disjunctive and it does not mean 'and/or'."

In 3 C.J.S., p. 1068, we find the following:

"Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes, entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or.' This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where

not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake."

In the case of Bradford v. Louisiana Public Service Commission, 189 La. 327, 179 So. 442, we recognized that though "and" and "or" are ordinarily not interchangeable but strictly of a conjunctive and disjunctive nature respectively, "and" may be construed to mean "or" to effectuate the intention of parties or a Legislature, particularly where the context favors such construction and a contrary construction would render the meaning ambiguous or result in absurdity.

■ Ordinarily the word "or" is a disjunctive particle suggesting an alternative either "this" or "that", depending upon the words with which it is used; and, while in its strict signification the term suggests an alternative, it may be used or construed in a conjunctive sense. Courts generally have held that although the word "or" may express a disjunctive meaning rather than a conjunctive one, it may nevertheless be used in a conjunctive sense and hence may be construed to mean "and".

■ We are mindful of the fundamental rule that in the construction of statutes the grammatical sense of words is to be adhered to. If that is contrary to or inconsistent with any expressed intention or any declared purpose of the statute, or if it would involve an absurdity, repugnance or inconsistency in its different provision, the grammatical sense must then be modified, extended or abridged, so far as to avoid such.

■ The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context. Sutherland on Statutory Construction, Sec. 252.

■ Thus it is seen that in the light of Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess. (LSA–R.S. 42:4), a general statute, applicable to all public officers of the State not otherwise provided for by special law, the Governor is empowered to appoint commissioners and to remove them at his pleasure.

Whereas in the light of Act 35 of 1956, Ex.Sess., a special statute applicable exclusively to the Lake Borgne Basin Levee District, the Governor's power and right to appoint and remove commissioners is limited and restricted in that his appointees shall hold office during his term of office or until their successors are appointed and qualified.

■ The Legislature must be presumed to have passed Act 35 of 1956, Ex.Sess., in

the light of Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess. (LSA–R.S. 42:4). If the lawmakers had intended to grant to the Governor the power of removal and appointment of public officers at his pleasure as authorized by the 1950 statutes it simply would have used the same language in enacting Act 35 of 1956, Ex. Sess. Since this was not done and since Act 35 of 1956, Ex.Sess., is worded quite differently from the language employed in Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess. (LSA–R.S. 42:4), the conclusion is inescapable that by Act 35 of 1956, Ex.Sess., the Legislature intended to fix the term of the commissioners of the Lake Borgne Basin Levee District for a definite period of time, namely, during the term of office of the Governor appointing them or until their successors are appointed and qualified.

By the employment of the words "or until their successors are appointed and qualified" the Legislature merely intended that the said commissioners so appointed would continue in office until their successors are appointed and qualified by the succeeding executive.

Accordingly, for the reasons assigned, the judgment of the district court is reversed, annulled and set aside insofar as it declares unconstitutional Sec. 3 of Act 68 of 1950, as amended, and Act 22 of 1950, Ex.Sess. In all other respects the judgment of the district court affirming the exception of no right or cause of action and dismissing plaintiff's suit is affirmed.

HAWTHORNE, J., dissents in part and concurs in part.

MOISE, J., absent.

HAWTHORNE, Justice (dissenting in part and concurring in part).

I cannot agree with the majority that the word "or" in the statute here under consideration should be construed to mean "and". The word "or" as used in our statutes is disjunctive unless it is otherwise clearly indicated by the context (R.S. 1:9), and the court is not "justified in making the proposed substitution [of "and" for "or"] unless the whole context of the statute requires plainly and beyond question that it be done in order to give effect to the intention of the Legislature". Beasley v. Parnell, 177 Ark. 912, 9 S.W.2d 10. The statute as it now reads is clear and unambiguous, and certainly its context does not require that the word "or" be read "and".

Moreover, the Legislature must be presumed to have passed the statute in the light of the preceding statutes on the same subject; and where a statute is worded differently from the preceding statutes, the Legislature is presumed to have intended to change the law. See State v. Wilson, 204 La. 24, 14 So.2d 873. Therefore, when the

first amendment substituted the word "or" for "and", and when the second amendment deleted the words "by the succeeding executive", the statute was made to mean just what counsel for appellants say it means: (1) The commissioners shall hold their office during the term of office of the Governor appointing them, *or* (2) they shall hold office until their successors are appointed and qualified. In other words, the commissioners of this levee district hold their offices at the pleasure of the Governor appointing them, and in the instant case the removal of Bergeron and Collins by the chief executive was legal and proper under the statute.

I am in full accord with the opinion insofar as it reversed the judgment of the lower court holding Section 3 of Act 68 of 1950, as amended, and Act 22 of 1950, Extra Session, unconstitutional.

On Rehearing

FOURNET, Chief Justice.

This intrusion-into-office suit[1] involving title to the offices of two of the Commissioners on the three-man Board of the

Lake Borgne Basin Levee District arose out of conflicting claims asserted by the defendants Lawrence Bergeron and Edmond Collins, appointed by the Governor as Commissioners of said levee district on September 11, 1956, and plaintiffs James Licciardi and Charles A. Leon, appointed by the Governor on October 7, 1957, after notifying the former of their removal.

The district judge, after trial of the case on the merits, maintained the exception of no right or cause of action and dismissed plaintiffs' suit,[2] being of the opinion that R.S. 42:4 (Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, 2nd Ex. Sess.), the authority under which the Governor dismissed the defendants, was unconstitutional, and, consequently, the defendants could not be removed from office at the pleasure of the appointing Governor, and further holding that, under a fair and reasonable interpretation of R.S. 38:1071, subd. B (Act 35 of the Extra Session of 1956), the defendants were entitled to the offices in controversy during the term of office of the Governor appointing them *and* until their successors are appointed and qualified.

---

1. Plaintiffs originally instituted a mandamus suit, to which defendants filed an exception, which was upheld by the district court on the ground that a writ of mandamus will not lie where the title to the office is put in issue, and plaintiffs were allowed to amend their petition to convert the proceedings into an intrusion-into-office suit.

2. Prior to answering, defendants filed exceptions of misjoinder of parties plaintiff and parties defendant, which were overruled, and exceptions of no right or cause of action, which were referred to the merits.

On appeal, we reversed the holding of the district court as to the constitutionality of R.S. 42:4, but approved of its holding as to the construction of R.S. 38:1071, subd. B and, therefore, affirmed the judgment dismissing plaintiffs' suit. A rehearing in this case was granted, primarily because of its public importance and also because of an error in our original opinion relative to the legislative history of R.S. 38:1071, subd. B.

 While, in granting the rehearing, we did not limit it to a reconsideration of R.S. 38:1071, subd. B, a careful study and reappraisal of these two issues convinces us of the correctness of our holding that R.S. 42:4 is constitutional for the reasons so ably stated in our original opinion, but we were in error in holding that the defendants could not be removed at the will and pleasure of the appointing Governor.

 Generally, the power of removal is incidental to the power of appointment, but this principle does not necessarily apply to the Governor of a state. Dubuc v. Voss, 19 La.Ann. 210. His power to remove officers appointed by him has to be conferred either by the Constitution or by statute. Such authority is specifically granted the Governor by R.S. 42:4.[3] The provisions of this section, which are copied in extenso in footnote 3, clearly and unequivocally empower the Governor to remove at his pleasure any public officer, except those specifically excluded from its provisions. The offices in controversy are not to be found in these exceptions.

Defendants' contention that the Legislature by the very provisions of R.S. 38:-1071, subd. B[4] has fixed the term of office of the defendants to continue during the term of office of the Governor appointing them and until their successors are ap-

3. "A. In all other cases, all public officers who are appointed by the Governor shall serve at the pleasure of the Governor. This Section shall not apply to officers appointed by the Governor upon recommendation or from lists submitted by others where the law requires appointments to be so made, nor to those whose terms of office are fixed by the constitution and those who are required by the constitution to be appointed with the advice and consent of the Senate.

"B. This Section shall not apply to the Louisiana State Board of Public Welfare, the Louisiana Merit System Council, the Board of Review and the State Advisory Council of the Division of Employment Security of the Louisiana Department of Labor. Acts 1950, No. 68, § 3, as amended Acts 1950, 2nd Ex.Sess., No. 22, § 1."

4. "The governor may appoint a competent person from among the qualified voters of each parish and part of parish embraced in the levee district and one representative of the New Orleans and Southern R. R. Co., or its successor, to serve as levee commissioners for the district. *The commissioners shall hold their office during the term of office of the governor appointing them or until their successors are appointed and qualified.* As amended Acts 1956, No. 386, § 1; Acts 1956, Ex.Sess., No. 35, §§ 1, 2."

pointed and qualified is untenable in the face of the express and unequivocal provisions of R.S. 42:4.

Moreover, counsel for defendants' argument in support of such contention, i. e. that the particle "or" in the controlling clause of R.S. 38:1071, subd. B, underscored in footnote 4 below, should be construed as "and", is in direct contravention of the express mandate of the Legislature which, in adopting the Revised Statutes, declared that "Unless it is otherwise clearly indicated by the context, whenever the term 'or' is used in the Revised Statutes, it is used in the disjunctive and does not mean 'and/or'." See R.S. 1:9.[5]

We think, a review of the legislative changes this section has undergone since its first enactment in 1892 makes it clear that defendants' contention is totally unfounded. The first act, creating the Lake Borgne Basin Levee District and fixing the terms of the offices in controversy (Act 14 of 1892, which became Section 38:1073. of the Revised Statutes of 1950), provided that

"* * * said commissioners shall hold their office for the term of four years, and until their successors are appointed and qualified."

This provision was changed by the Legislature of 1956,[6] (R.S. 38:1071, subd. B), and reads as follows:

"The commissioners shall hold their office during the term of office of the governor appointing them or until their successors are appointed and qualified."

From the foregoing it is obvious that the Legislature intentionally changed the term of office of the Commissioners from a fixed term of four years to a period to run during the term of office of the appointing Governor,[7] thus removing any apparent discrepancy between this section and

5. Without aid of such statute the Arkansas Supreme Court in Beasley v. Parnell, 177 Ark. 912, 9 S.W.2d 10, 12, reached the same conclusion in construing a similar statute. The Arkansas statute, Acts 1925, Act No. 88, provided that the commissioner "shall hold office for a term of four years, or until his successor shall be appointed by the Governor." In rejecting the argument that the word "or" should be construed as "and", the court held that it "would not be justified in making the proposed substitution unless the whole context of the statute requires plainly and beyond question that it be done to give effect to the intention of the Legislature."

6. Act 386 of 1956, Sec. 1, (R.S. 38:1071), reenacted and amended Act 14 of 1892 and provided that "The commissioners shall hold their office during the term of office of the governor appointing them or until their successors are appointed and qualified." Subsequently, Act 35 of the Extra Session of 1956, Sec. 3, repealed Sec. 38:1073, and Sec. 2 of the same act amended and reenacted Act 386 of 1956. The provision under consideration here was not affected by the latter amendment.

7. In order to remove any doubt as to the interpretation of R.S. 38:1071, subd. B, the Legislature of 1958 adopted Act No. 208, amending and reenacting that sec-

the provisions of R.S. 42:4, and, as was so aptly stated by one of our learned colleagues,[8] "the Legislature must be presumed to have passed the statute in the light of the preceding statutes on the same subject; and where a statute is worded differently from the preceding statutes, the Legislature is presumed to have intended to change the law. See State v. Wilson, 204 La. 24, 14 So.2d 873." Therefore, when the Legislature substituted the word "or" for "and", "the statute was made to mean just what counsel for appellants say it means: (1) The commissioners shall hold their office during the term of office of the Governor appointing them, *or* (2) they shall hold office until their successors are appointed and qualified."

. We therefore conclude that the removal by the Governor of the defendants Lawrence Bergeron and Edmond Collins as Commissioners of the Lake Borgne Basin Levee District was legal and proper under the statute and the plaintiffs James Licciardi and Charles A. Leon or their appointed successors are entitled to the offices

of Commissioners of the Lake Borgne Basin Levee District.

For the reasons assigned, the judgment of the district court dismissing plaintiffs' suit is reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs James Licciardi, Charles A. Leon and Selma Picarella recognizing them to be duly commissioned and qualified commissioners of the Board of Commissioners of the Lake Borgne Basin Levee District; and accordingly the defendants Lawrence Bergeron, Edmond Collins and Edgar N. Quillin are hereby ordered and directed to forthwith deliver unto plaintiffs or their successors the possession and control of all of the books, documents, records and other items belonging and appertaining to the said board, as well as all of the chattels, equipment and other paraphernalia of the board; all cost in this proceeding to be paid by the defendants.

SIMON, J., is of the opinion that the provisions of Act 208 of 1958 makes the issue moot in regards to the interpretation and construction placed on the subject statute.

tion, the pertinent part of which now reads as follows: "The commissioners shall hold their offices, at the pleasure of the governor, during the term of office of the governor appointing them or until their successors are appointed and qualified."

8. Justice Hawthorne, dissenting in part and concurring in part in the original opinion.