CULPEPPER, Judge.
This suit, and the companion case of Kushner v. Board of Commissioners of Lake Charles Harbor and Terminal District, et al., bearing Number 466 of the docket of this Court of Appeal and in which a separate decree is being rendered by us this date, 134 So.2d 407, involve, on appeal, the right to title to the public office of two of the commissioners of the five-man Board of Commissioners of Lake Charles Harbor and Terminal District. The plaintiffs in these two suits, Joe J. Tritico and Maurice Kush-ner, contend that they are duly qualified members of said Board under appointments by the late Governor Earl K. Long, that their respective terms of office have not expired, nor have they been removed from office in the manner provided by LSA-R.S. 34:202 (providing that members of said Board may be removed by the Governor only for cause and on written charges proved in a public hearing). Petitioners contend that they are therefore still members of said Board and pray that their titles to said public offices be recognized and that the defendants be enjoined from interference with plaintiff’s possession and performance of said offices.
The defendants, L. D. Mann and Rudolph E. Krause, base their claims to said offices on commissions issued to them by the Honorable Jimmie H. Davis, Governor of the State of Louisiana. Governor Davis admittedly did not follow the removal procedure set forth in LSA-R.S. 34:202, but simply wrote a letter to each of the plaintiffs advising that he had appointed Mr. Rudolph E. Krause to succeed Mr. Joe J. Tritico, and Mr. L. D. Mann to succeed Mr. Maurice Kushner.
There is no dispute as to the facts, and it is conceded by all parties that the sole legal issue presented by these appeals is whether the members of the Board of Commissioners of Lake Charles Harbor and Terminal District serve at the pleasure of the governor. It is likewise conceded that the sole basis for whatever authority the governor has to remove and replace members of said Board at his pleasure is LSA-R.S. 42:4 which reads as follows:
“Public officers appointed by the Governor
“A. In all other cases, all public officers who are appointed by the Governor shall serve at the pleasure of the Governor. This Section shall not apply to officers appointed by the Governor upon recommendation or from lists submitted by others where the law required appointments to be so made, nor to those whose terms of office are fixed by the constitution and those who are required by the constitution to be appointed with the advice and consent of the Senate.”
“B. This Section shall not apply to the Louisiana State Board of Public Welfare, the Louisiana Merit System Council, the Board of Review and the State Advisory Council of the Division of Employment Security of the Louisiana Department of Labor. Acts 1950, No. 68, § 3, amended Acts 1950, 2nd Ex.Sess., No. 22, § 1.”
Plaintiffs first argument is that LSA-R.S. 34:202 providing definite terms of office for the commissioners of Lake Charles Harbor and Terminal District and providing further that said commissioners can be removed only after written charges preferred and proved at a public hearing, is a special statute and was neither expressly nor impliedly repealed by LSA-R.S. 42:4, a general statute, because of their contemporaneous enactment. Plaintiffs cite City of New Orleans v. Board of Supervisors, 216 La. 116, 43 So.2d 237 and State v. Shushan, 206 La. 415, 19 So.2d 185, both of which cases apply the well established rule of law found stated in 50 Am.Jur. 367, Sec. 363 as follows:
“Harmonizing Statutes and Parts of Sections. — Consistency in statutes is of prime importance, and, in the absence of a showing to the contrary, all laws are presumed to be consistent with each other. Where it is possible to do so, *403 it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions. A construction of a statute which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will do violence to the plain words of the act and will carry out the intention of Congress. These rules are particularly applicable to statutes passed at or about the same time, or at the same session of the legislature, since it is not to be presumed that the same body of men would pass conflicting and incongruous acts.”
The obvious fallacy in this argument by plaintiff is that LSA-R.S. 34:202 and LSA-R.S. 42:4 were not enacted contemporaneously. An examination of the legislative history of these two statutes shows that the Lake Charles Harbor and Terminal District was originally created by Act No. 67 of 1924, in which Act Section 2 contained the identical provisions for terms of office of commissioners and removal therefrom as were later re-enacted by the Legislature in the Louisiana Revised Statutes of 1950 as R.S. 34:202. It is important here to note that LSA-R.S. 34:202, as it reads today, is part of the Louisiana Revised Statutes of 1950, enacted at the First Ex.Sfess. of the Legislature held in March of 1950, and went into effect on May 1, 1950 (See Act 2 of the First Ex.Session of 1950 as printed separately by West Publishing Company in West LSA-R.S. Vol. 28 on the reverse side of page No. XXIX, on page 493 and on page 588 showing the four sections of said Act 2 of the First Ex. Session of 1950). Plaintiffs apparently are in error in their brief in stating that the La.Rev.Statutes of 1950, including R.S. 34:-202, went into effect on May 10, 1950. Turning our attention to the legislative history of R.S. 42:4, we find that its source is Section 3 of Act 68 of the Regular Session of 1950 which convened on May 8, 1950, and adjourned on July 6, 1950, as amended by Act 22 of the Second Ex.Sess. of 1950 which convened on August 5 and adjourned on August 11, 1950. Therefore, R.S. 34:202 and R.S. 42:4 were not contemporaneously enacted at the same session of the legislature, nor did they go into effect at the same time. R.S. 34:202 went into effect on May 1, 1950, whereas Section 3 of Act 68 of the Regular Session of 1950, an entirely new statutory provision, did not go into effect until after the said Regular Session of 1950 adjourned on July 6, 1950.
Plaintiff’s next argument is that the two statutes can be reconciled and both given effect by a fair and reasonable interpretation that the legislature intended R.S. 42:4 to be a general statute applying only to removal of public officers not otherwise provided for by special statute, and that R.S. 34:202 is a special statute, particularly concerning the terms of office and removal of commissioners of the Lake Charles Harbor and Terminal District. Among other cases, plaintiffs cite State ex rel. Board of Com’rs of Lake Borgne Basin Levee District v. Bergeron, 235 La. 879, 106 So.2d 295; State ex rel. Texada v. Capdevielle, 140 La. 229, 72 So. 946 and Hewitt v. Webster, La.App., 118 So.2d 688 which state the general rule that where there is a conflict between a general law and a special law on the same subject, the latter prevails in the particular matter to which it applies and this is the general rule even though the general statute was passed subsequent to the special statute. However, we note that the stated general rule of statutory construction must yield where there is a manifest legislative intent that the general act prevails over the special act. See State ex rel. Saint v. Toups, La.App., 95 So.2d 55; 50 Am.Jur. 565, Sec. 564; City of Bogalusa v. Gullotta, 181 La. 159, 159 So. 309 and the many cases cited therein.
In determining whether or not there is a manifest legislative intent that R.S. 42:4< the general statute, repeals R.S. 34:202, *404 the special statute, we, like our learned brother below, must follow the decision of our Supreme Court in the case of State ex. rel. Board of Com’rs of Lake Borgne Basin Levee District v. Bergeron, supra, which, in our opinion, is controlling on this issue. In State ex rel. Board of Com’rs of Lake Borgne Basin Levee District v. Bergeron, supra, the issue was whether the governor could remove at his pleasure the commissioners of the Lake Borgne Basin Levee District. As is shown by Chief Justice Fournet’s opinion on rehearing, the Act originally creating the Lake Borgne Basin Levee District and fixing the terms of office of its members (Act 14 of 1892, which became Section 38:1073 of the Revised Statutes of 1950) provided that “ * * * said commissioners shall hold their office for the term of four years, and until their successors are appointed and qualified.” [235 La. 879, 106 So.2d 301.] This provision was changed by the Legislature of 1956 (R.S. 38:1071, subd. B) to provide that “the commissioners shall hold their office during the term of office of the governor appointing them or until their successors are appointed and qualified.” Plaintiffs asserted title to the respective offices by virtue of R.S. 42:4 (Sec. 3 of Act 68 of 1950 as amended by Act 22 of the 2nd Ex.Sess. of 1950) whereby they contended the governor could dismiss such officers and appoint their successors at his pleasure. The defendants contended that Section 3 of Act 68 of 1950, as amended by Act 22 of the 2nd Ex.Sess. of 1950, is unconstitutional (in that it violates Art. 3, Section 16 of the La. Constitution providing that every statute enacted shall embrace but one object and shall have a title indicative thereof) and based their claim to title to the respective offices on said R.S. 38:1071, subd. B which they contended definitely fixed their terms of office during the term of office of the governor appointing them so that their successors could not be appointed until after said governor’s term expired.
In the original opinion of the court, written by Justice Simon, it was held that Section 3 of Act 68 of 1950, as amended by Act 22 of the 2nd Ex.Sess. of 1950 (LSA-R.S. 42:4), was constitutional, but when the legislature subsequently passed Act 35 of 1956 (R.S. 38:1071, subd. B) it must be presumed to have done so in the light of Section 3 of Act 68 of 1950 as amended by Act 22 of the 2nd Ex.Sess. of 1950 (LSA-R.S. 42:4) and if it had intended that the special statute, concerning the Lake Borgne Levee District, be an exception to the general removal statute, LSA-R.S. 42:4, applicable to all public offices of the state, it would have done so in more specific language. An understanding of the original opinion of the court written by Justice Simon necessitates the quotation therefrom of the following:
“Thus it is seen that in the light of Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess. (LSA-R.S. 42:4), a general statute, applicable to all public officers of the State not otherwise provided for by special law, the Governor is empowered to appoint commissioners and to remove them at his pleasure.
“Whereas in the light of Act 35 of 1956, Ex.Sess., a special statute applicable exclusively to the Lake Borgne Basin Levee District, the Governor’s power and right to appoint and remove commissions is limited and restricted in that his appointees shall hold office during his term of office or until their successors are appointed and qualified.
“(12) The Legislature must be presumed to have passed Act 35 of 1956, Ex.Sess., in the light of Sec. 3 of Act 68 of 1950, as amended by Act 22 of 1950, Ex.Sess. (LSA-R.S. 42:4). If the lawmakers had intended to grant to the Governor the power of removal and appointment of public officers at his pleasure as authorized by the 1950 statutes it simply would have used the same language in enacting Act 35 of 1956, Ex.Sess. Since this was not done and since Act 35 of 1956, Ex.Sess., is *405 worded quite differently from the language employed in Sec. 3 of Act 68 of 19S0, as amended by Act 22 of 1950, Ex.Sess. (LSA-R.S. 42:4), the conclusion is inescapable that by Act 35 of 1956, Ex.Sess., the Legislature intended to fix the term of the commissioners of the Lake Borgne Basin Levee District for a definite period of time, namely, during the term of office of the Governor appointing them or until their successors are appointed and qualified.
“By the employment of the words ‘or until their successors are appointed and qualified’ the Legislature merely intended that the said commissioners so appointed would continue in office until their successors are appointed and qualified by the succeeding executive.”
However, on rehearing the court changed its original decision and held in an opinion written by Chief Justice Fournet as follows :
“Generally, the power of removal is incidental to the power of appointment, but this principle does not necessarily apply to the Governor of a state. Du-buc v. Voss, 19 La.Ann. 210. His power to remove officers appointed by him has to be conferred either by the Constitution or by statute. Such authority is specifically granted the Governor by R.S. 42:4. The provisions of this section, which are copied in extenso in footnote 3, clearly and unequivocally empower the Governor to remove at his pleasure any public officer, except those specifically excluded from its provisions. The offices in controversy are not to be found in these exceptions.
“Defendants’ contention that the Legislature by the very provisions of R.S. 38:1071, subd. B has fixed the term of office of the defendants to continue during the term of office of the Governor appointing them and until their successors are appointed and qualified is untenable in the face of the express and unequivocal provisions of R.S. 42:4.
“Moreover, counsel for defendants’ argument in support of such contention, i. e., that the particle ‘or’ in the controlling clause of R.S. 38:1071, subd. B, underscored in footnote 4 below, should be construed as ‘and’, is in direct contravention of the express mandate of the Legislature which, in adopting the Revised Statutes, declared that ‘Unless it is otherwise clearly indicated by the context, whenever the term “or” is used in the Revised Statute, it is used in the disjunctive and does not mean “and/or”.’ ”
The plaintiffs herein rely strongly on that portion of the court’s original opinion by Justice Simon which states that LSA-R.S. 42:4 is a general statute and is “applicable to all public officers of the state not otherwise provided for by special law. * * * ” (Emphasis supplied.) Plaintiffs contend that this portion of the original opinion was not altered in the final opinion on rehearing written by Chief Justice Fournet. We cannot agree with this contention. Our appreciation of the decision written by Chief Justice Fournet on rehearing is that it gives two separate and distinct grounds for removal by the Governor at his pleasure of members of the Board of Lake Borgne Basin Levee District. The first statutory basis for this authority discussed by Chief Justice Fournet is R.S. 42:4, the provisions of which he states “clearly and unequivocally empower the Governor to remove at his pleasure any public officer, except those specifically excluded from its provisions. The offices in controversy are not to be found in these exceptions.” (Emphasis supplied.) The phrase “except those specifically excluded from its provisions”, considered in context, can be given no logical interpretation but that it means the only exceptions to R.S. 42:4 are those specifically named in R.S. 42:4 itself. This language is conflicting with the above quoted language from the original opinion by Justice Simon but it is clear and unambiguous. *406 The second separate and distinct statutory basis for the Governor’s authority to remove said officers at his pleasure was found by Chief Justice Fournet to be the provisions of R.S. 38:1071, subd. B itself, which by the 1956 amendment changed the word “and” to “or”, thereby, in the words of the Chief Justice, “removing any apparent discrepancy between this section and the provisions of R.S. 42:4.”
In the Bergeron case the Act creating the Board of Commissioners of the Lake Borgne Basin Levee District was amended in 1956 which was after the passage in 1950 of the general removal statute, R.S. 42:4. From a reading of the final opinion in the Bergeron case, it is apparent that the principal concern of the court was the fact that the special statute had been amended subsequent to passage of the general statute. If, as in the instant case, the general statute had been passed after the special statute, then it is clear, under the court’s opinion on rehearing, that the general statute, R.S. 42:4, empowered the Governor to remove at his pleasure any officer “except those specifically excluded from its provision.”
Plaintiffs’ last argument is that Act 67 of 1924, creating the Lake Charles Harbor and Terminal District was ratified, confirmed and put into operation by the adoption by the voters of Article XIV, Sec. 31 of the Constitution, thereby making the said statute and all of its provisions a part of the constitution. Plaintiffs contend that therefore the commissioners of the Lake Charles Harbor and Terminal District are constitutional officers whose terms of office and method of removal are fixed by the constitution. Constitutional officers are specifically excluded from the provisions of R.S. 42:4.
This argument has no merit. In the case of Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508, 521 the Supreme Court criticizes its previous holding in Fontenot v. Young, 128 La. 20, 54 So. 408, and, in a factual situation very similar to the instant case, .held as follows:
“We cannot subscribe to the proposition that a constitutional amendment validating and ratifying particular legislation can be considered as having the effect of making the legislative act a part of the Constitution. In the first place, the terms ‘ratify’, ‘approve’ or ‘validate’ are not the equivalent of the terms ‘to make part of’ or ‘to incorporate into’. See State v. Kohnke, 109 La. 838, 33 So. 793. All valid enactments of the Legislature may be said to be approved or ratified. They are ratified or approved by anticipation but they do not on that account become part of the organic Law. Where a law passed by the Legislature is made dependent upon the adoption of a constitutional amendment and such amendment is afterwards approved by the people, the statute becomes operative from the date the proposed amendment has been approved. See Section 2 of Article 21 of the Constitution. Hence,, the only benefit which may be derived by having the people actually validate and ratify the legislation in the proposed amendment is to give to the law a retrospective approval, that is to say that the law which has been ratified will become operative and have effect from the date of its passage rather than-from the date upon which the constitutional amendment receives approval. See State v. Kohnke, supra.”
In the instant case, Act 55 of 1924 submitted to the voters of this state the following propositions:
“Section 1. The Legislature of the State of Louisiana is empowered to create port, harbor and terminal districts as political subdivisions of the-State possessing full corporate powers; * * *
“Section 2. The Act passed by the Legislature of 1924 creating the Lake-Charles Harbor and Terminal District, shall be deemed and held to be ratified,, confirmed and put into operation by the-adoption of this constitutional amendment in the manner provided by law.”’
*407 Under the Peck case cited above, it is clear that the adoption of this constitutional amendment by the people did not make the Act of 1924 creating the Lake Charles Harbor and Terminal District a part of, nor incorporate it into, the Constitution.
For the reasons hereinabove set forth, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., recused.