Dear Sheriff Hathaway:
You requested the opinion of this office concerning whether or not a parish governing body is required to furnish the sheriff of the parish with at least one jail. In other words, if the parish has only one jail, may that jail be operated by a private company pursuant to the provisions of the Louisiana Corrections Private Management Act, La. R.S. 39:1800.1, et seq. (the "Private Management Act").
It is the opinion of this office that while a parish governing authority may be able to avail itself of the Private Management Act for any prison facility as defined in La. R.S.39:1800.3, the parish governing authority must also provide a good and sufficient jail for the sheriff.
The Private Management Act authorizes the State and local governmental subdivisions to enter into contracts with qualified prison contractors for the financing, acquiring, designing, leasing, constructing and operating of facilities. "Prison contractor" is defined in La. R.S. 39:1800.3 (4) to mean "any entity entering into a contractual arrangement to provide any correctional services, including geriatric care to inmates under the custody of the state" (emphasis supplied). Thus the prison contractor may only provide correctional services to inmates under the custody of the state, and there is no authorization for the prison contractor to provide correctional services to inmates under the custody of the parish. If the parish governing body only has one jail which it has turned over to a prison contractor under the Private Management Act, there would be no place to house those inmates who are under the custody of the parish.
While it might be argued that the phrase "inmates under the custody of the state" modifies geriatric care and thus the contractual arrangement could apply to inmates under the custody of the local governmental subdivision, this argument would be erroneous. The definition of "prison contractor" was amended by Act 916 of 1992 but only to add the language", including geriatric care". It is well established that where a statute, or a portion thereof, is amended by setting forth the amended section in full, the provisions of the original statute which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions or the changed portions are to be understood as enacted at the time the amended act takes effect and not to have any retroactive operation. McClure v. U.S., 95 F.2d 744 (9th 1938); 82 CJS 432, et seg. [seq.]; see also, State of Louisiana ex rel. Board of Commissioners of the Lake Borgne Basin Levee District v. Bergeron, 106 So.2d 295 (La. 1958); Perkins v. Brothers of Christian School of Lafayette, 71 So.2d 400 (La.App. 1st Cir. 1954). Based upon this jurisprudence, it is the opinion of this office that the effect of the Private Management Act is limited to correctional facilities whose prisoners are under the custody of the state, and the Private Management Act does not authorize the privatization of correctional facilities which are designed to incarcerate prisoners under the control of the parish.
It has also been argued that the Private Management Act, by its very enactment, has impliedly repealed the statutes governing the duties and responsibilities of the sheriff and the parish in connection with the parish jail. Examples of those states are as follows:
La. R.S. 15:702: The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons . . .
La. R.S. 15:704: Each sheriff shall be the keeper of the public jail of his parish . . .
La. R.S. 15:706: Whenever the jail of a parish is unsafe or unfit for the security of prisoners . . . the sheriff of the parish maintaining and keeping the prisoner or prisoners may transfer any prisoner or prisoners to the jail or jails of any other parish by written contract with the sheriff of the other parish.
La. R.S. 33:1435: . . . Each sheriff shall be keeper of the public jail of his parish . . .
La. R.S. 33:4715: The police jury of each parish shall provide a good and sufficient jail.
The court in Amiss v. Dumas, 411 So.2d 1137 (La.App. 1st Cir. 1982) cited a few of the numerous statutes which set forth the duties and responsibilities of the parish governing body and the sheriff relative to the sheriff and stated as follows in pertinent part:
 The general scheme which we gather from a reading of all of the statutes is that the City-Parish is responsible for the expenses of establishing, maintaining and operating the jail and for all the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are property cared for, fed and clothed.
 These statutes, in effect, establish that prisoners incarcerated in the parish jail, either awaiting trial or serving parish sentences, are wards of the parish and the sheriff is simply the warden ("keeper") of the parish jail.
These, and the other statutes which discuss the duties and responsibilities of the sheriff in connection with the keeping of prisoners, were not repealed by the enactment of the Private Management Act. In general, prior laws are repealed by subsequent laws only in the case of positive enactment or clear repugnancy, and nothing short of irreconcilable conflict between two statutes works a repeal by implication. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App. 2d Cir. 1989). It is clear that there is not an irreconcilable conflict between the provisions of the Private Management Act and the statutes in Titles 15 and 33 concerning the obligations of the sheriff and the parish, such that the Private Management Act repealed by implication those provisions in Titles 15 and 33.
There are three instances where the legislature has enacted special legislation to specifically provide that under certain circumstances the sheriff will not be the keeper of the parish jail. Those statutes pertain to the creation of the Lincoln Parish Detention Center Commission, La. R.S. 15:848, et seq., the Terrebonne Parish Department of Corrections and Rehabilitation, La. R.S. 15:849, et seg. [et seq.], and the Union Parish Detention Center Commission, La. R.S. 15:850.1, et seq. In Lincoln and Union Parishes, if the respective Commissions are created and a correctional facility is constructed, prisoners cannot be incarcerated overnight in the parish except in the detention center (La. R.S. 15:848.5 and La. R.S. 15:850.6, respectively). In all three statutes, the Commission is made the keeper of the correctional facility and the sheriff is specifically relieved of that duty (La. R.S. 15:848.3 La. R.S.15:849.3 and La. R.S. 15:850.4, respectively).
If the legislature had chosen to repeal the provisions of state law concerning the sheriff's responsibility with respect to the jail by enactment of the Private Management Act, the legislature would have specifically so stated, as it did in regards to Lincoln, Terrebonne and Union Parishes.
Trusting this adequately responds to your request, I remain
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Martha S. Hess Assistant Attorney General