*867
 
 O’NIELL, O. J.
 

 Appellants were convicted. of violating the first section of the Act 4 of 1924, known as the Anti-Mask Law. The charge in the bill of information, being substantially in the language of the statute, was that the defendants willfully, feloniously, and maliciously, and using a mask or cloth over the face as a disguise calculated to conceal their identity, entered upon the premises of Henry Reynolds and demanded admission into his house, with the intent to do bodily injury to him and to threaten and intimidate him, residing in said house.
 

 The defendants moved to quash the bill of information on the ground that the statute was unconstitutional. The motion was overruled and a bill of exceptions was reserved. The contention is that the statute has more than one object, and that its title is not indicative of its object or objects.
 

 Section 16 of article 3 of the Constitution of 1921 requires that every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.
 

 The title of the Act 4. of 1924 is: “An act relative to crimes and offenses committed by persons using a disguise calculated to conceal their identity.” The act has nine sections. Sections 1 to 7, inclusive, denounce seven separate and distinct crimes, and prescribe the penalty for each crime, committed by “any person using a hood and mask or a mask or hood or anything in the nature thereof of any kind or description whatsoever as a disguise calculated to conceal his identity, or using anything to conceal his face or features or any part thereof as a disguise calculated to conceal his identity.” The first section, as we have said, makes it a crime for a masked or disguised person to enter the premises of another, etc.; the second section makes it a crime for a masked or disguised person to compel or attempt to compel a person to leave the state or any town, etc.; the third section makes it a crime for a masked or disguised person to assault and beat another; the fourth section makes it a crime for a masked or disguised person to assault a person without using a dangerous weapon; the fifth section makes it a crime for a masked or disguised person to assault a person with a dangerous weapon; the sixth section makes it a crime for a masked or disguised person to carry a dangerous weapon concealed on or about his person; and the seventh section makes it a crime for a masked or disguised person to forcibly seize a person and carry him out of the state or from one part of the state to another, or to imprison or secrete a person without authority of law, etc.; the eighth section declares that the object of the act is to create, new, separate and distinct crimes, and that it shall not be construed as repealing or affecting any existing laws; and the ninth section declares that, if any clause, sentence, paragraph or part of the act shall for any reason be adjudged invalid, the judgment shall not affect the remainder of the act, etc.
 

 Every section of the statute is pertinent to its one object of making it particularly reprehensible for a person committing any of the offenses mentioned to be masked or disguised at the time. The requirement that a statute shall have only one object does, not forbid the Legislature to deal with several branches of the subject stated in the title of the act, or to provide in one act all of the means necessary for carrying out its object. State Board of Medical Examiners v. Bowler, 50 La. Ann. 1358, 24 So. 809; Thomas v. Board of School Directors, 136 La. 504, 67 So. 345; State v. Doremus, 137 La. 269, 68 So. 605; State v. Guidry, 142 La. 432, 76 So. 843; Gulf Refining Co. v. McFarland, 154 La. 251, 97 So. 433.
 

 The title of this statute is indicative of its object. It is not necessary that the title of a statute should go into details in stating its object. Under the Constitution of 1868, article 114 of which required that every law
 
 *869
 
 should express its object or objects in its title, it was held that the Act 8 of the Extra Session of 1870, whose title was: “An act relative to crimes and offenses,” was not unconstitutional. State v. Taylor, 34 La. Ann. 978; State v. Du Bois, 39 La. Ann. 677, 2 So. 558; State v. Breeden, 47 La. Ann. 375, 17 So. 125. See, also, State v. Ackerman, 51 La. Ann. 1222, 26 So. 80. The Act 8 of the Extra Session of 1870 denounced several distinct acts as crimes and offenses, and prescribed the penalty for each crime or offense; but the Constitution of 1868 did not require that each act of the Legislature should have only one object.
 

 Our conclusion is that the Act 4 of 1924 is not violative of section 16 of article 3 of the Constitution.
 

 After conviction, the defendants filed a motion for a new trial, averring that a certain declaration that had been admitted in evidence as a dying declaration was not in fact a dying declaration, or a part of the res gestee. An objection of that kind, made for the first time in a motion for a new trial, comes too late. Besides, if the evidence were admissible in a case like this, there would be no evidence in the record from which we could decide whether the so-called dying declaration was made while the declarant was in articulo mortis, or whether it was a part of the res gestee.
 

 'The verdict and sentence against each defendant and appellant are affirmed.