BARHAM, Justice.
 

 This is an appeal by the State of Louisiana from the trial court’s ruling which quashed a bill of information on the ground that the statute charging the crime
 
 *300
 
 was unconstitutional. The defendant was charged with violating “R.S. 40:971(c), Act 457 of 1970, as amended by Act 59 of 1971, in that he knowingly and intentionally possessed a controlled dangerous substance, to-wit: LSD”.
 
 [1]
 

 In State v. Welkner, 259 La. 815, 253 So.2d 192, decided September 30, 1971, rehearing denied October 28, 1971, we held Act 457 of 1970 “unconstitutional insofar as it purports to regulate amphetamines, barbiturates, and hallucinogens” to the extent that they are regulated by Subpart D of Part X of Chapter 4 of Title 40 of the Revised Statutes. We said in State v. Welkner:
 

 “The 1970 Act amended and re-enacted Sub-Part A of Part X (‘Narcotics’) of Chapter 4 (‘Food and Drugs’) of Title 40 (‘Public Health and Safety’) of the Louisiana Revised Statutes of 1950. Part X represents a consolidation of statutory laws relating to the control of certain regulated drugs.
 

 «* * *
 

 “Before 1970, Part X was composed of five sub-parts, as follows:
 

 “Sub-Part
 
 A, the ‘Uniform Narcotics Drug Law’, mainly regulated the ‘hard’ drugs (opium, including morphine, codeine, and heroin; and cocaine, etc.) and marijuana;
 

 “Sub-Part B
 
 regulated the seizure and forfeiture of vessels, vehicles, and aircraft involved in the illegal use of drugs under Part X;
 

 “Sub-Part C
 
 regulated the use of benzedrine within penal facilities ;
 

 "Sub-Part D
 
 regulated barbiturates, central nervous stimulants (amphetamines, etc.), and hallucinogens;
 

 “Sub-Part E
 
 created the Louisiana Narcotic and Rehabilitation Commission.
 

 “According to the title of Act 457 of 1970, the legislature amended Sub-Part A (only) of Part X. Prior to the 1970 amendment, Sub-Part A had regulated only hard drugs and marijuana. The title of Act 457 sets forth that it was
 
 ‘To amend and re-enact Sub-Part A
 
 of Part X of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, designated as the Uniform Controlled Dangerous Substances Law,
 
 providing definition of narcotic dmgs
 
 * * *
 

 “The substance of the contention that the title of the Act limited its body is es
 
 *302
 
 sentially this: The former Sub-Part A Tegulated hard drugs and marijuana only. Sub-Part A expressly did not apply to amphetamines, barbiturates, and hallucinogens ; these were regulated only by Sub-Part D. Therefore, the new statute — entitled as amending Sub-Part A only — exceeds the scope of its title, insofar as attempting to regulate amphetamines, barbiturates, and hallucinogens in addition to the hard drugs and marijuana covered by the prior Sub-Part A, the only section of Part X now amended and re-enacted.”
 

 The 1971 Legislature adopted Act 59 of 1971, which as emergency legislation became law when signed by the Governor on June 15, 1971. The offense with which this defendant is charged is alleged to have occurred on June 16, 1971. Our decision on the 1970 act was handed down in September of 1971.
 
 [2]
 
 The title to Act 59 of 1971 reads as follows: “To amend and reenact the title of Act 457 of the regular session of 1970; and to amend and reenact Subpart A of Part X of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, relative to the Uniform Controlled Dangerous Substances Law as to the following sections and subsections only * * *.” Thereafter follows an enumeration of the sections and subsections which are to be amended and reenacted. The body of Act 59 of 1971 begins:
 

 “Be it enacted by the Legislature of Louisiana:
 

 “Section 1. The title of Act 457 of the regular session 1970 is amended and reenacted to read as follows:
 

 “AN ACT
 

 “To amend and reenact Subpart A of Part X of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950, designated as the ‘Uniform Controlled Dangerous Substances Law’, providing definition of narcotics, narcotic drugs and drugs or dangerous substances having a pharmacological effect which would have a potential for abuse; providing regulation of the manufacture, transportation, sale, distribution, possession or use thereof; providing for the designation of said narcotics and substances, and the administration of this Act by the Louisiana State Board of Health; and, insofar as Louisiana pharmacies and pharmacists are concerned, by the Louisiana Board of Pharmacy; providing for adoption of rules and regulations and licensing requirements and the collection of license fees by said board; providing for
 
 *304
 
 the denial, revocation or suspension of licenses and setting forth the records and inventories required of licenses; providing penalties for violations; and providing generally with respect thereto including the administration and enforcement thereof and the authority of the Louisiana State Board of Health and/or the Louisiana State Board of Pharmacy, as the case may be, to retain license fees collected for use in the administration of this Act and for education and research as provided thereunder.”
 

 Thereafter follows the complete text of the amended and reenacted sections and subsections of the body of Subpart A of Part X of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 which are amended and reenacted by Act 59.
 

 The State contends that Act 457 of 1970 as amended by Act 59 of 1971 is now constitutional for charging the possession of a controlled dangerous substance, LSD, since the title of the act as amended is sufficiently broad to include within the object of the act the intention to regulate all dangerous drugs and substances of a pharmacological nature, including LSD.
 

 The defendant’s principal contention is that, Act 457 of 1970 being unconstitutional insofar as it purported to regulate amphetamines, barbiturates, and hallucinogens, that part of the act relating to these substances never had life. The defendant cites Article 3, Section 17, of the Constitu-. tion of the State of Louisiana: “No law shall be revived or amended by reference to its title, but in such cases the act revived, or section as amended, shall be reenacted and published at length.” Defendant contends under this constitutional provision that the invalid portions of Act 457 of 1970 (R.S. 40:961-40:990) had to be restated in full text in Act 59 of 1971, and that the mere amending of the title by the 1971 act so as to include amphetamines, barbiturates, and hallucinogens by designating the purpose of the act to include regulation of “dangerous substances” did not make effective the sections which had previously been invalid and unconstitutional as not having been included within the title of the 1970 act which attempted to enact them into law. Particularly defendant contends that R.S. 40:971(c) was unconstitutional after the 1970 session since it attempted to punish for possession of all “controlled dangerous substances” though the title of the 1970 act indicating it regulated “narcotic drugs” did not give notice that the act dealt with any drugs or dangerous substances other than narcotics. He urges that although Act 59 of 1971 attempted to cure the defect in the title so as to include R.S. 40:971(c), it was necessary that R.S. 40:971 (c) be amended and reenacted under the new title in 1971.
 

 We begin with the firm legal premise that all legislative acts are presumed
 
 *306
 
 constitutional. Act 457 of 1970 carried this presumption. When the 1971 Legislature met and by Act 59 of that session decided to amend and reenact the title of Act 457 of 1970 and to amend and reenact certain sections of Subpart A of Part X of Chapter 4 of Title 40 of the Revised Statutes of 1950 (Act 457 of 1970), the Legislature had before it as a constitutional statute R.S. 40:961-40:990, or Subpart A of Part X of Chapter 4 of Title 40.
 

 The Louisiana Revised Statutes of 1950 are an official compilation and continuous revision of certain laws of this state. The Legislature adopted the Revised Statutes and provided for the continuing incorporation into this body of law of the pertinent acts of the Legislature session by session. R.S. 24:251-24:256. The Louisiana State Law Institute directs and supervises the “continuous revision, clarification and coordination” by preparing the text of the Revised Statutes after each session “as they may have been amended”.
 

 The 1971 Legislature not only had before it the official acts of the Legislature of the 1970 session published under the authority of the Secretary of State hut also had before it the official Revised Statutes of Louisiana published so as to be current and inclusive of the 1970 session in a publication also authorized by the Secretary of State.
 

 The very title of Act 59 of 1971 placed the Legislature on notice that the title of Act 457 of 1970 would be amended and reenacted, and also that all parts, sections, and subsections of Subpart A of Part X of Chapter 4 of Title 40 (Act 457 of 1970) which were not specifically mentioned in Act 59 were to remain in effect, including R.S. 40:971(c). The title of Act 59 placed the Legislature on particular notice that R.S. 40:963, “Schedules of Controlled Substances”, would be amended and reenacted. This is the section which designates the substances controlled by the act and divides the substances into five categories for the purpose of determining the applicable penalty for particular offenses under R.S. 40:971.
 

 The action of the Legislature in amending and reenacting the title of Act 457 of 1970 and amending and reenacting certain sections of that act was neither a revival nor an amendment by reference to title of that act. When the Legislature adopted Act 59 of 1971, Act 457 of 1970 in its entirety was alive and before it. The title of the new act specifically indicated the object of amending the former title, and the Legislature did amend and reenact the title, publishing it at length. The Legislature then amended and reenacted pertinent sections and subsections by incorporating and publishing them at length. See State ex rel. Bd. of Com’rs of Lake Borgne Ba
 
 *308
 
 sin Levee District v. Bergeron, 235 La. 879, 106 So.2d 295. All of this was in compliance with Article 3, Section 17, of the Constitution of the State of Louisiana. When the new title states the act is for the purpose of defining “narcotics, narcotic drugs and drugs or dangerous substances having a pharmacological effect which would have a potential for abuse”, it is explicit and sufficiently broad to incorporate within Subpart A of Part X of Chapter 4 of Title 40 substances formerly controlled by Subpart D.
 

 We hold that the 1971 act sufficiently indicated its purpose in its title so as to amend the title of the former act, amend and reenact the sections specifically mentioned in the new title, and retain in effect all other sections of the former act not amended and reenacted. We further hold that since the new title is broad enough to include the sections which deal with dangerous drugs and substances other than narcotics, those sections are now constitutional, being included within the purpose stated in the title to the act.
 

 Defendant finally contends that when the act includes both the control of “narcotics” and the control of other “drugs or dangerous substances”, it embraces more than one object and therefore violates Section 16 of Article 3 of the Louisiana Constitution. There is no merit to this contention. “Object” as used in this constitutional provision is broad in definition.
 

 “The object of a law is the aim or purpose of the enactment. State v. Ferguson, 104 La. 249, 28 So. 917, 81 Am.St.Rep. 123. The object of a law, ‘properly speaking, is its general purpose’. 59 C.J. p. 800. The object of a law is the matter or thing forming the groundwork of the act. The title of an act of the Legislature is of the nature of a label, the purpose of which is to give notice of the legislative intent and purpose to those interested in, or who may be affected by, the terms of the act, and to prevent surprise and fraud upon members of the Legislature.” Airey v. Tugwell, 197 La. 982, 3 So.2d 99. See also State v. Craig, 158 La. 866, 104 So. 744; State ex rel. Bd. of Com’rs of Lake Borgne Basin Levee District v. Bergeron, supra.
 

 The single object requirement is for the purpose of giving notice to the Legislature and of restricting a legislative act so that a legislator will not for the purpose of voting on the bill have to weigh the validity of two objects foreign to each other. Only matters related and germane to the object and purpose of the legislation can be included. Otherwise a legislator would perhaps be required to balance the advantages of one object against the disadvantages of a foreign object, and laws actually considered bad by a majority of leg
 
 *310
 
 islators could be enacted by tacking them onto, and making them a part of, acceptable laws dealing with an alien object.
 

 The Legislature has gathered under Title 40 the general body of law “Public Health and Safety”, which includes the general subject of food and drugs under Chapter 4. Part X of that chapter defines and regulates, by providing penal sanctions, all the drugs and substances of pharmacological nature which the Legislature believes possess a potential for abuse by and damage to the public. The control of “narcotics” and other “drugs or dangerous substances having a pharmacological effect which would have a potential for abuse” is
 
 one subject,
 
 and is an attempt to obtain the
 
 one object
 
 of protecting the health and welfare of the public by regulating the possession, sale, and use of those drugs and substances. Though the substances attempted to be controlled may differ in some characteristics, they all form part of one legislative object and may be dealt with in the same act. State v. Craig, supra. Defendant’s argument that the act embraces more than one object is without merit.
 

 For the reasons assigned the judgment of the trial court quashing the bill of information and declaring R.S. 40:971(c) (Act 457 of 1970 as amended by Act 59 of 1971) unconstitutional is annulled and set aside, and the case is remanded.
 

 DIXON, J., concurs.
 

 [1]
 

 . The bill of information originally charged violation of R.S. 40:1033(4) in that the defendant possessed a hallucinogenic drug, LSD. The original motion to quash was directed at the bill of information charging a violation under Act 457 of 1970. The bill of information was amended on tire day of the hearing on the motion, and, as the State has conceded, the motion to quash was likewise amended so as to attack the amended information on the ground that it charged a crime under an unconstitutional statute.
 

 [2]
 

 . We are not here faced with a legislative attempt to enact or reenact law after it has been declared unconstitutional. The discussion of this issue is not even germane to the matter before us. However, see Terrebonne Parish Sch. Bd. v. St. Mary Parish Sch. Bd., 242 La. 667, 138 So.2d 104.