382 So.2d 963 (1980)
STATE of Louisiana
v.
William COOPER a/k/a William Gary.
No. 66404.
Supreme Court of Louisiana.
April 7, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. Gregory Arnette, Jr., Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., Research and Appeals, for plaintiff-appellant.
Donald R. Jory, Jennings, Vernon Jeansonne, Lake Arthur, for defendant-appellee.
WATSON, Justice.[*]
The issue is whether the trial court was correct in quashing an indictment on the ground that Act 74 of 1979 is unconstitutional because it contains more than one object.
*964 William Cooper was indicted for the first degree murder of Gladys Burchenal in violation of LSA-R.S. 14:30, as amended by Act 74 of 1979.[1] The Act became law on *965 June 29, 1979, and the crime was committed on July 18, 1979. Defendant contended in the motion to quash that the Act violates Article 3, Section 15(A), of the Louisiana Constitution of 1974, which provides:
"Section 15. (A) Introduction; Title; Single Object; Public Meetings. The legislature shall enact no law except by a bill introduced during that session, and propose no constitutional amendment except by a joint resolution introduced during that session, which shall be processed as a bill. Every bill, except the general appropriation bill and bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object. Every bill shall contain a brief title indicative of its object. Action on any matter intended to have the effect of law shall be taken only in open, public meeting."
Defendant successfully contended that Act 74 of 1979 is unconstitutional because it provides for two different purposes or objects, and the trial court sustained defendant's motion to quash. The State has appealed.
Defendant argues that because the Act contains amendments to both substantive and procedural law and because the aggravating circumstances listed in the Act are to be considered by the jury in sentencing in all capital cases (not only in first degree murder cases) the Act contains more than one object and is invalid under Article 3, Section 15 of the Constitution.
In State v. Dooley, 261 La. 295, 259 So.2d 329 (1972), the purpose of the single object requirement of the 1921 Constitution (Article 3, Section 16) which is very similar to Article 3, Section 15 of the 1974 Constitution, was stated to be the restriction of legislative acts. A legislator should not have to consider the validity of two unrelated objects in deciding how to vote on a bill. One act, therefore, cannot include incongruous and unrelated matters. See A & M Pest Control Services, Inc. v. LaBurre, 247 La. 315, 170 So.2d 855 (1965), and State v. Hertzog, 243 La. 647, 146 So.2d 149 (1962).
The Constitution does not prohibit the legislature from dealing with several branches of one subject or from providing in one act the necessary means for carrying out its object. State v. Craig, 158 La. 866, 104 So. 744 (1925). As the Court stated in Wall v. Close, 203 La. 345, 14 So.2d 19 (1943):
"`If all the parts of a Statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the statute is not considered as being open to the objection of plurality, no matter how extensively it deals with the details looking to the accomplishment of the main legislative purpose.'" 14 So.2d 25.
Here, the definitions of first and second degree murder and the list of aggravating circumstances to be applied in capital cases are not unrelated and incongruous matters. First degree murder is a capital crime. In an attempt to enact a constitutionally acceptable statutory scheme for imposition of the death penalty, the Louisiana legislature modeled our murder statute after those approved in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Accordingly, under Louisiana law today, the trial in a first degree murder case is composed of two phases, the determination of guilt or innocence and the sentencing hearing. If defendant is found guilty of first degree murder during the initial stage of the proceeding, the jury must then consider evidence relative to aggravating and mitigating circumstances before sentencing. Since the legislature's adoption of this bifurcated procedure in 1976, the circumstances contained in LSA-C.Cr.P. art. 905.4 have been inextricably linked to the substantive murder *966 provisions contained in LSA-R.S. 14:30. Therefore, it was not unreasonable for the legislature to consider the aggravating and mitigating circumstances to be applied in capital cases in the same bill which defined the capital offense of first degree murder.
It is true that the aggravating and mitigating circumstances contained in LSA-C.Cr.P. art. 905.4 are to be considered in all capital cases (not only in first degree murder cases) but this is made clear in both the title and body of the Act. In light of the per curiam opinion of the United States Supreme Court in Eberheart v. Georgia, 433 U.S. 917, 97 S.Ct. 2994, 53 L.Ed.2d 1104 (1977), invalidating the death penalty for aggravated kidnapping (See State v. Polk, 376 So.2d 151 (La.1979), the only capital offenses in existence in Louisiana today are first degree murder (LSA-R.S. 14:30) and treason (LSA-R.S. 14:113). Therefore, the aggravating circumstances enunciated in LSA-C.Cr.P. art. 905.4 ostensibly apply to both first degree murder and treason. However, the primary legislative intent was obviously to provide sentencing considerations for first degree murder cases. Accordingly, the amendment to LSA-C.Cr.P. art. 905.4 is not so unrelated to the amendment of the first degree murder statute as to render their joinder in one act unconstitutional.
Therefore, the trial judge erred in ruling that Act 74 of 1979 was unconstitutional and in ruling that defendant would have to be prosecuted under the pre-amendment murder statute. Accordingly, the judgment of the trial court quashing the indictment is reversed and the case is remanded for further proceedings consistent with the opinions expressed herein.
REVERSED AND REMANDED.
NOTES
[*] Honorable Edward A. de la Houssaye, III, participated in this decision as Associate Justice ad hoc.
[1] Act 74 of 1979:

AN ACT
To amend and reenact Sections 30 and 30.1 of Title 14 of the Louisiana Revised Statutes of 1950 and to amend and reenact Article 905.4 of the Louisiana Code of Criminal Procedure, relative to homicide, to provide for the definitions of the crimes of first and second degree murder; to provide a list of aggravating circumstances for the sentencing consideration of a jury in capital cases, and otherwise to provide with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section 1. Sections 30 and 30.1 of Title 14 of the Louisiana Revised Statutes of 1950 are hereby amended and reenacted to read as follows:
§ 30. First degree murder
First degree murder is the killing of a human being:
(1) when the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery, or simple robbery;
(2) when the offender has a specific intent to kill or to inflict great bodily harm upon a fireman or peace officer engaged in the performance of his lawful duties;
(3) when the offender has a specific intent to kill or to inflict great bodily harm upon more than one person; or
(4) when the offender has specific intent to kill or inflict great bodily harm and has offered, has been offered, has given, or has received anything of value for the killing.
For the purposes of Paragraph (2) herein, the term peace officer is defined to include any constable, marshal, deputy marshal, sheriff, deputy sheriff, local or state policeman, game warden, federal law enforcement officer, jail or prison guard, parole officer, probation officer, judge, attorney general, assistant attorney general, attorney general's investigator, district attorney, assistant district attorney, or district attorney's investigator.
Whoever commits the crime of first degree murder shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in accordance with the recommendation of the jury.
§ 30.1. Second degree murder
Second degree murder is the killing of a human being:
(1) when the offender has a specific intent to kill or to inflict great bodily harm; or
(2) when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Section 2. Article 905.4 of the Code of Criminal Procedure is hereby amended and reenacted to read as follows:
Art. 905.4. Aggravating cricumstances [sic]
The following shall be considered aggravating circumstances:
(a) the offender was engaged in the perpetration or attempted perpetration of aggravated rape, aggravated kidnapping, aggravated burglary, aggravated arson, aggravated escape, armed robbery, or simple robbery;
(b) the victim was a fireman or peace officer engaged in his lawful duties;
(c) the offender was previously convicted of an unrelated murder, aggravated rape, or aggravated kidnapping or has a significant prior history of criminal activity;
(d) the offender knowingly created a risk of death or great bodily harm to more than one person;
(e) the offender offered or has been offered or has given or received anything of value for the commission of the offense;
(f) the offender at the time of the commission of the offense was imprisoned after sentence for the commission of an unrelated forcible felony;
(g) the offense was committed in an especially heinous, atrocious, or cruel manner; or
(h) the victim was a witness in a prosecution against the defendant, gave material assistance to the state in any investigation or prosectuion [sic] of the defendant, or was an eye witness to a crime alleged to have been committed by the defendant or possessed other material evidence against the defendant.
(i) the victim was a correctional officer or any employee of the Louisiana Department of Corrections who, in the normal course of his employment was required to come in close contact with persons incarcerated in a state prison facility, and the victim was engaged in his lawful duties at the time of the offense.
For the purposes of Subparagraph (b) herein, the term peace officer is defined to include any constable, marshal, deputy marshal, sheriff, deputy sheriff, local or state policeman, game warden, federal law enforcement officer, jail or prison guard, parole officer, probation officer, judge, attorney general, assistant attorney general, attorney general's investigator, district attorney, assistant district attorney, or district attorney's investigator.
Section 3. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Louisiana Constitution of 1974.
Section 4. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Section 5. All laws or parts of laws in conflict herewith are hereby repealed.