Dear Representative Copelin:
You have asked whether a number of bills presently filed for consideration by the legislature during the pending regular session can be consolidated into an omnibus bill. The bills are House Bills 1626, 1627, 1628, 1629, 1630, 1631, 1633, 1634, 1635, 1636, 1637, 1638, 1639, 1640, 1641, 1642, 1643, 1644, 1645, 1646, 1647, 1648, 1649, 1650, 1651, 1652, and 1653. All of the bills change the population reference in various individual statutes and change nothing else of substance. Your concern is whether such an omnibus bill can be substituted for the individual bills without violating the constitutional provision that each bill be confined to one object.
Constitutional Provision
Article 3, Section 15 (A) of the Louisiana Constitution requires that "[e]very bill, except the general appropriation bill and bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object."
The jurisprudence indicates the reason for this rule is to restrict a legislative act so that a legislator will not have to consider the validity of two unrelated objects in deciding how to vote on a bill.
Cases
Bazley v. Tortorich, 397 So.2d 475 (La. 1981) involved a constitutional attack on R.S. 23:1032 as amended by Act 147 of 1976 which made worker's compensation the employee's exclusive remedy for a work-related injury caused by a co-worker, except for a suit based on an intentional tort. While it is not clear from the court's opinion precisely what portion of the act was alleged not to contain the same object as the remainder of the act, the court held that the act met the one-object requirement of the constitution, and in so holding stated that:
 "If all the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the statute is not considered as being open to the objection of plurality, no matter how extensively it deals with the details looking to the accomplishment of the main legislative purpose." 397 So.2d at 485.
In State v. Cooper, 382 So.2d 963 (La. 1980), the constitutionality of Act 74 of 1979 was at issue because it allegedly contained more than one object. The argument was that because the act contained amendments to both substantive and procedural law and because the aggravating circumstances listed in the act were to be considered by the jury in sentencing in all capital cases (not just in first degree murder cases) the act contained more than one object.
The court cited the constitutional provision and stated that a legislator should not have to consider the validity of two unrelated objects in deciding how to vote on a bill. "One act, therefore, cannot include incongruous and unrelated matters."382 So.2d at 965. A single bill can deal with several branches of one subject and provide the necessary means for carrying out its object. The court determined the primary legislative intent in the bill and found that all parts of the bill related to that intent, notwithstanding the fact that defined the crime of first degree murder while at the same time it provided the aggravating and mitigating circumstances to be used in determining whether to impose the death penalty in capital cases.
In State v. Dooley, 259 So.2d 329 (La. 1972), the court dealt with the same issue in the context of Act 59 of 1971 and Act 457 of 1970, the latter of which had been declared unconstitutional as it related to the regulation of amphetamines, barbituates, and hallucinogens.[1] The defendant was renewing the challenge following the 1971 enactment.
The court found that the single object requirement was not violated in the act, despite the defendant's argument that the act was unconstitutional because it included the control of "narcotics" and the control of other "drugs or dangerous substances" in one act. The court, in finding the argument without merit, stated that "object" as used in the constitutional provision was broadly defined to mean the "aim or purpose of the enactment."259 So.2d at 333. Quoting from Corpus Juris, the court stated that the object of a law is its "general purpose". It is ". . . the matter or thing forming the groundwork of the act."
Wall v. Close, 203 La. 345, 14 So.2d 19 (La. 1943) involved an attack on the constitutionality of Act 111 of 1942 which created a Department of Finance. Among the various grounds for attacking the act's constitutionality was that it violated the single object requirement. The court cited earlier cases indicating that the single object requirement ". . . does not mean that each and every means necessary to accomplish an object in the law must be provided for by a separate act relating to it alone." 14 So.2d at 25. The court, in analyzing the controversy before it, stated that:
 "In deciding whether a statute of the Legislature violates a constitutional provisions which prohibits an act from embracing more than one object, courts must keep in mind its main purpose as disclosed by its language. It matters not how comprehensive the act may be or how numerous its provisions; it does not violate such a constitutional prohibition if its language, reasonably construed, shows that it has but one main, general object or purpose, and if nothing is written into it except what is naturally connected with, and is incidental or germane to, the one purpose or object."
Conclusion
Applying the foregoing to the question raised, the determining factor is the purpose or object of the legislation proposed by the omnibus bill. The common link connecting the various statutes involved is the reference to a population limit. The purpose of the legislation is to amend the various statutory provisions to correct the reference to population following the 1990 census. There are no substantive changes made in any of the statutes covered by the proposed omnibus bill. Only the population reference is amended. Assuming that the title of the bill is properly written to indicate the limited purpose of the bill to correct the population references in the various statutes and no amendments are added to the bill to expand it beyond that object, the bill if enacted should pass a constitutional attack on the basis that it has more than one object.
Trusting that this answers your question, we remain
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: THOMAS F. WADE Assistant Attorney General
[1] See State v. Welkner, 259 La. 815, 253 So.2d 192 (La. 1971)