634 So.2d 1172 (1994)
Scott DOHERTY & Peter Rubin
v.
CALCASIEU PARISH SCHOOL BOARD.
No. 93 CA 3017.
Supreme Court of Louisiana.
April 11, 1994.
*1173 David K. Nelson, Glenn M. Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, for applicant.
Richard P. Ieyoub, Atty. Gen., Gina Marie Puleio, Lester A. Robertson, Hon. Robert Rick Bryant, Nel F. Vezina, Angela M. Caronna, for respondent.
CALOGERO, Chief Justice.[*]
Act 631 of the Regular Session of 1987 concerns establishing procedures for the use of school boards in dismissing nontenured *1174 employees of the public school system. 1987 La. Acts 631 (enacting La.Rev.Stat.Ann. § 17:81.5 (West 1988)). The title of Act 631 "authorizes school boards to adopt [such] procedures ... and to provide for related matters." Id. The Act's body states that "each city and parish school board shall develop and adopt rules and policies which it shall use in dismissing school employees who have not yet attained tenure ..." Id.
The case was appealed to this Court because the district court judge found the statute unconstitutional. He concluded that the statute violated the indicative title requirement of La. Const. of 1974, art. III, § 15(A),[1] then pretermitted consideration of the Board's alternative argument that the statute also violated the same constitutional provision's requirement that a statute be confined to one object. The judge decided that a statute's title which authorizes adoption of procedures is not indicative of its body which directs the adoption and development of such procedures.
Plaintiffs, Scott Doherty and Peter Rubin, are former nontenured employees of the Calcasieu Parish School Board's maintenance department. In 1989, the Board notified the two employees of their respective dismissals. Subsequently, plaintiffs brought a wrongful termination suit alleging that their due process rights were violated by the Board's failure to adopt procedures for the dismissal of nontenured employees as required by the 1987 statute which became R.S. 17:81.5. Prior to trial on the merits, the School Board amended its answer to include the constitutional challenge to R.S. 17:81.5. That challenge proved successful in the district court.
For the reasons which follow, we reverse the district court's finding R.S. § 17:81.5 unconstitutional. Neither provision of La. Const. art. III, § 15(A), the indicative title requirement or the requirement regarding one object, is offended by R.S. § 17:81.5. The statute is thus not unconstitutional.
The constitutional provision in question mandates that "[e]very bill shall contain a brief title indicative of its object." La. Const. of 1974, art. III, § 15(A). This title-body clause is intended to give the members of the legislature as well as the public fair notice of the scope of the proposed legislation. Bazley v. Tortorich, 397 So.2d 475, 485 (La.1981). Also, the requirement aims to "prevent the joining in one act of incongruous or unrelated matters." La. Independent Auto Dealers Assoc. v. State, 295 So.2d 796, 802 (La.1974). However, the title of an act is not to be strictly construed, but rather liberally construed to effectuate the legislative purpose of the statute. Id.; Scott v. Dennis, 392 So.2d 169 (La.App. 3rd Cir.1980). Further, it is not required that the title of the act be an index of its contents. Rather, it need only express the general terms of its object. Groves v. Board of Trustees of Teachers' Retirement System of La., 324 So.2d 587, 595 (La.App. 1st Cir.1976). It is only when the variance in the act is palpable and totally irreconcilable with the object expressed in the title, that the indicative title requirement is deemed violated. Id.
There is a strong presumption that legislative actions are constitutional Jordan v. LeBlanc & Broussard Ford, Inc., 332 So.2d 534, 537 (La.App. 3rd Cir.1976). Only where the statute is clearly repugnant to the constitution will it be stricken. Id. Although courts are not concerned with the policy or wisdom behind a statute, occasionally courts must correct or ignore obvious inadvertences within a statute to make that statute intelligible and operative. Id. (citing Devine v. National Life & Accident Insurance Co., 166 So. 522 (La.App.Orl.1936)). Application of the general principles to this case prompts the conclusion that the title of Act 631 is sufficiently indicative of its object.
The title of Act 631 of 1987 provides:
"To enact R.S. 17:81.5, relative to employees of public Schools, to authorize school boards to adopt procedures for the dismissal of nontenured employees, and to provide for related matters."
The remainder of Act 631 reads as follows:
"§ 81.5. School employees; procedure for dismissal

*1175 A. Not later than January 1, 1988, each city and parish school board shall develop and adopt rules and policies which it shall use in dismissing school employees who have not attained tenure in accordance with applicable provisions of law and whose dismissal is not a result in a reduction in force, as provided for in R.S. 17:81.4. The school board shall provide a procedure by which any employee, who is governed by this Section, may participate in the development of the rules and policies. Such rules and policies shall be made available for public inspection within ten days after they are finally adopted."
The object of the language of the body of Act 631 is the establishment of dismissal procedures for nontenured employees of the public school system. The title of Act 631 indicates that the statute will pertain to adopting or developing such dismissal procedures. Of course, the body of the statute discusses the particulars regarding the manner in which the dismissal systems must be developed. However, nothing in the body of the statute concerns anything other than the dismissal policies for nontenured employees. While the statute does include the mandatory "shall" language, this wording does not render the subject matter outside the scope of the title, which uses the word "authorize." Even where the body of the act is comprised of related matters not strictly within the text of the title, such matter is deemed within the scope of the title. Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49, 53 (1942). The body of Act 631 does not encompass any matters unrelated to the development and implementation of dismissal policies for nontenured employees.
Defendants argued, and the trial court held, that because the title of Act 631 uses the permissive term "authorize," and the body of the act uses the mandatory term "shall", the title violates the title-body clause of the Louisiana Constitution. Assessing the difference between the title's authorizing and the body's mandating, the district court judge reasoned that the title does not give fair notice to an important aspect of the bill, and that a lawmaker could "be misled with respect to his vote on a bill which in fact had mandatory provisions."
The trial court's narrow reading of the title Act 631 and consequent determination that it violates the title-body provision of the Louisiana Constitution is erroneous. As stated above, the title of an act is not to be construed technically or strictly. Rather it is to be construed liberally "with the view of effectuating, not frustrating, the legislative purpose." State v. Sliger, 261 La. 999, 261 So.2d 643, 646 (1972). Here, the purpose set forth in the title of Act 631 is to give direction to school boards regarding setting up systems to be used when dismissing nontenured employees for any reason other than a reduction in force. Given this declared "object" in the title, a legislator or an interested citizen would expect the substance of the act to recite particulars such as the binding or less than binding nature of the legislation. Thus, it is unlikely that a member of the legislature or the public would be misled regarding the substance of the act. Also, the title of Act 631 is not irreconcilable with the body of the act solely because the title uses the word "authorize" and the body states the proposition in mandatory terms. Such a conservative reading in assessing the constitutionality of an act is contrary to the jurisprudence in this area. Further, the title of the Act does not conflict with the substance of its body, which directs school boards to establish dismissal procedures for nontenured employees. For the above reasons, we find that the title of Act 631 of 1987 is sufficiently indicative of its object.
Having determined that Act 631 comports with the title-body clause of the Louisiana Constitution, we turn to the question whether the body of Act 631 is confined to one object as required by La. Const. of 1974, art. III, § 15(A). The trial court did not reach this issue, as it found the act unconstitutional on the earlier recited grounds.
The constitutional provision, in pertinent part recites: "Every bill ... shall be confined to one object." The purpose behind this requirement is to restrict the content of a legislative act so as to prevent a legislator from having to consider two or more unrelated matters when deciding how *1176 to vote on a single bill. Bazley, 397 So.2d at 485. Where the parts of a statute are reasonably related and have a natural connection to the general subject matter of the legislation, the statute is considered to have one object regardless of how detailed it is regarding the accomplishment of the stated purpose. State v. Cooper, 382 So.2d 963 (La.1980).
Here, the object, or the purpose of Act 631, is to have school boards put in placedevelop and implementdismissal procedures for nontenured employees. The body of Act 631 requires school boards to adopt such procedures, and to allow those employees affected by the procedures to participate in the development of the rules and policies. Also, the act sets forth that the rules and policies shall be made available for public inspection ten days after they are finally adopted. The body of Act 631 contains nothing that is unrelated to accomplishment of the stated purpose of having the school boards implement a dismissal system for nontenured employees. This Court has held that the means necessary to carry out a law are not separate objects of the law. Id. at 965. Thus, Act 631 does not violate the one object requirement of the Louisiana Constitution.

DECREE
For the forgoing reasons, the judgment of the district court holding La.Rev.Stat. 17:81.5 unconstitutional is reversed. This case is remanded to the district court for further proceeding.
DISTRICT COURT JUDGMENT HOLDING R.S. 17:81.5 UNCONSTITUTIONAL REVERSED; REMANDED.
WATSON, J., dissents.
NOTES
[*] J. Ortique not on the panel. Rule IV, Part 2, § 3. Charles A. Marvin, C.J., Court of Appeal, Second Circuit, sitting in place of Justice James L. Dennis.
[1] "Every bill, except the general appropriation bill and bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object. Every bill shall contain a brief title indicative of its object ..." La. Const. of 1974, art. III, § 15(A).