li>KUHN, Judge.
This appeal raises the issue of whether Act 501 of the 1999 Regular Session of the Louisiana Legislature (“Act 501” or “the Act”) violates the single object requirement of Article III, § 15(A) of the Louisiana Constitution. Plaintiff-appellee, Louisiana Municipal Association (“LMA”), appeals the denial of a preliminary injunction seeking to enjoin enforcement of the Act. We affirm.
I. FACTS AND PROCEDURAL BACKGROUND
Section 1 of Act 501 amended and reenacted La. R.S. 33:4873(2) to read as follows:
§ 4873. Parish and municipal advertising
Parish and municipal governing authorities may advertise by publications and radio and spend of their funds, not otherwise specifically allocated by law, sums prescribed as follows:
[[Image here]]
(2) Those serving a territory with a population not exceeding one hundred thousand may spend the sum of fifteen thousand dollars annually.
Section 3 of Act 501 repealed Paragraph 3, which had read, “Those serving a population of less than fifty thousand may spend seventy-five hundred dollars annually.”[1] Thus, the amendments to-La. R.S. 33:4873 provided for the increase of the maximum amount that the governing authority of a *1179 municipality or parish with a population of less than 50,000 may spend for the purpose of advertising by publication and radio from $7,500.00 to $15,000.00.
Section 2 of Act 501 amended and reenacted La. R.S. 43:147(B), (C), and (D) to read as follows:
|a§ 147. Compensation for printing
[[Image here]]
B. When the publication of proceedings is not done by contract providing for a lesser amount, the cost of advertisement in all parishes which do not’ contain a city of over one hundred thousand population shall not exceed the rate of six dollars per square of one hundred words or a fraction thereof. When the insertion contains material to be'set in 'tabular form, the tabulated matter shall be computed on the basis of the number of words of straight matter which would occupy identical space.
C. The agate line shall be the unit of basis of measurement and charges for all official proceedings published in parishes containing a city of more than one hundred thousand, but less than three hundred thousand population. When the publication of the proceedings is not done by contract providing for a lesser amount, the printing shall be let at not over thirty-three cents per agate line of space occupied by each insertion.
D. The agate line shall be the unit or basis of measurement and charge for all official proceedings published in parishes containing a city of more than three hundred thousand population. When the publication of the proceedings is not done by contract providing for a lesser amount, the printing shall be let at not over thirty-seven cents per agate line of space occupied by each insertion.
The amendments to Paragraphs B, C and D provided for an increase in the maximum rates applicable to the cost of advertisement for the publication of official proceedings by police juries, municipal corporations, and school boards.[2] Act 501 became effective on June 28, 1999.
On August 11, 1999, LMA filed suit naming as defendants the state of Louisiana (“the State”), Honorable Murphy J. Foster, Jr., in his official capacity as governor of the state; and Honorable Richard P. Ieyoub, in his official capacity as attorney general. LMA sought preliminary and permanent injunctive relief “enjoining, restraining and prohibiting | ¿defendants and each of their officers, agents and employees from taking any and all actions designed to enforce, or otherwise require compliance with Act 501 .... ” Claiming that the Act contravenes Louisiana Constitution Article III, § 15(A), LMA. also sought a declaratory judgment declaring Act 501 unconstitutional. The Louisiana Press Association (“LPA”) intervened, aligning itself with the defendants and seeking to have Act 501 upheld.
Following a hearing addressing whether a preliminary injunction should issue, the trial court signed a judgment denying LMA’s requested relief. LMA has appealed urging the trial court erred by failing to grant the injunctive relief requested.[3] LMA urges solely that Act 501 is unconstitutional because it embraces dual objects.
II. ANALYSIS
A. Preliminary injunction
Louisiana Code of Civil Procedure 3601 provides, in pertinent part, that “[a]n *1180 injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant-” However, irreparable injury is not a prerequisite for an injunction when- the conduct sought to be restrained is unconstitutional. Jurisich v. Jenkins, 99-0076, p. 4 (La.10/19/99), 749 So.2d 597; City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690, p. 30 (La.7/5/94), 640 So.2d 237, 253. In the present case, LMA does not allege that it-has established irreparable injury. However, if LMA were to establish- that Act 501 violates the single object requirement of Article III, § 15(A) of the Louisiana Constitution, LMA would be entitled to injunctive relief.
B. Single Object Requirement
Article III, § 15(A) of the Louisiana Constitution provides in pertinent part that “[e]very bill ... shall be confined to one object.” The purpose behind the one object | ¡^requirement is to restrict the content of a legislative bill so as to prevent a legislator from having to consider two or more unrelated matters when deciding how to vote on a single bill. Doherty v. Calcasieu Parish School Board, 93-3017 (La.4/11/94), 634 So.2d 1172, 1175-76; Bazley v. Tortorich, 397 So.2d 475, 485 (La.1981).
A bill is considered to have one object if the parts of the bill are reasonably related and have a natural connection to the general subject matter of the legislation. Doherty, 634 So.2d at 1176; Bazley, 397 So.2d at 485. The object of a bill has been defined as the aim or purpose of the enactment; the general purpose of the bill; or the matter or thing forming the groundwork of the bill. Airey v. Tugwell, 197 La. 982, 3 So.2d 99, 102 (1941); In the Matter of Rubicon, Inc., 95 0108, p. 6 (La.App. 1 Cir. 2/14/96), 670 So.2d 475, 479-480.
The Constitution does not prohibit the legislature from' dealing with several branches of one subject or from providing in .one act the necessary means for carrying out its object. If all the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the statute is not considered as being open to the objection of plurality, no matter how extensively it deals with the details looking to the accomplishment of the main legislative purpose. State v. Cooper, 382 So.2d 963, 965 (La.1980).
LMA urges that the Act contains incongruous and unrelated matters. Specifically, LMA argues the following in its appellate brief:
Section 2 of Act 501 is not reasonably related to Sections 1 and 3. The object, aim or purpose of Section 2 deals with official journals and maximum charges the publication may impose for printing the minutes and official proceedings of parishes, municipalities and school boards. Sections 1 and 3 are not related to minutes or official proceedings and impose no maximum charges which publications and radio stations may impose. In short, Section 2 deals with advertisements which must be published in official journals as mandated by law, and Sections 1 and 3 deal with promotional advertising and the maximum amounts of monies which can be expended for.these purposes.
|fiIn response, the State contends that the sections of Act 501 pertain to publications and the cost or rates for such publications by parishes and municipalities. The State urges that all sections of the Act are reasonably related and have a natural connection to the general subject matter of the legislation, i.e., local government spending on publications.
LPA responds with a similar argument. It argues that while Act 501 has multiple purposes of setting limits on advertisement spending and of setting limits on rates for publishing minutes and other proceedings, it has but one object, which is to set spending limitations for public bodies.
*1181 Statutes are presumed to be constitutional. Bristol Steel & Iron Works, Inc. v. State, Dep’t of Transp. & Dev., 507 So.2d 1233 (La.1987). In considering the. constitutionality of Act 501, La. Const, art. Ill, Sec. 15(A) must be construed broadly rather than narrowly with the view of effectuating, not frustrating, the legislative purpose. See Ricks v. Dep’t of State Civil Service, 200 La. 341, 8 So.2d 49 (1942).
In considering the single objectivity requirement of the state constitution, it is necessary to distinguish between the content of the particular statutes that are affected by the legislative act and the object of the act. While Act 501 amends two separate statutory articles addressing various forms of publications by various local governing authorities, the subject matter or object addressed by the act is the control of spending by public bodies for the purpose of advertisement. Admittedly, the scope of publications addressed in La. R.S. 33:4873, which includes the publication of printed matter and the communication of information by radio, is broader than the scope of La. R.S. 43:147, which addresses the publication of printed matter only. However, this difference alone does not violate the single object requirement as long as the various provisions of the Act have a natural connection and reasonably relate to a single object.
|7Affording a liberal construction to the single object requirement of La. Const, art. Ill, Sec. 15(A), we conclude that the provisions of the Act do reasonably relate to one another. The increase in the maximum amount to be spent by local governments for the purpose of advertising by publication and radio, as provided by Section 1 of the Act, compliments the increases in the maximum rates to be charged by official journals for the publication of legal minutes and proceedings, as provided by Section 2 of the Act. The overall objective of controlling amounts spent by public bodies for the purpose of advertisement, whether promotional or otherwise, is apparent. We find no merit in LMA’s argument that Act 501 has dual objects.
CONCLUSION
For the above reasons, the trial court’s judgment denying the preliminary injunction is affirmed. Costs in the amount of $506.14 are to be paid by plaintiff-appellee, Louisiana Municipal Association.
AFFIRMED.

. Paragraph 1 of La. R.S. 33:4873 was not affected by Act 501 and provides, “Those serving territories exceeding one hundred thousand population may spend the sum of thirty thousand dollars annually.”

. Paragraph A of La. R.S. 43:147 reads as follows and was not affected by Act 501:
The police juries, municipal corporations, and school boards throughout the state, may, at their option, have their official proceedings published by contract, which contract may not provide for a cost in excess of the maximum amounts hereinafter provided for. Payment may be made monthly or quarterly at the option of the police jury, municipal coiporation, or school board, unless otherwise provided in any contract entered into for the publication of official proceedings.

. Louisiana Code of Civil Procedure article 3612 authorizes an appeal “as a matter of right” from an order or judgment relating to a preliminary or final injunction.